IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NEFF GROUP DISTRIBUTORS, INC.,

                  Plaintiff,                  OPINION AND ORDER

v.

                                         22-cv-186-wmc

COGNEX CORPORATION,

                  Defendant.

---

Plaintiff Neff Group Distributors, Inc., claims that defendant Cognex Corporation terminated their business relationship without justification or cause in violation of the Wisconsin Fair Dealership Law, Wis. Stat. Ch. 135 ("WFDL"), the Indiana Deceptive Franchise Practices Act, Ind. Code § 23-2-2.7 ("IDFPA"), and common law theories of promissory estoppel and unjust enrichment. Neff initially filed its lawsuit in Dane County Circuit Court, and Cognex removed to federal court under 28 U.S.C. §§ 1441 and 1446. Because the notice of removal adequately alleges that there is complete diversity and the amount in controversy exceeds $75,000, this court has jurisdiction under 28 U.S.C. § 1332. Cognex now moves under 28 U.S.C. § 1404(a) to transfer the case from this court to the District of Massachusetts because the parties' dispute arise under an agreement that requires resolution in Massachusetts courts. (Dkt. #7.) While plaintiff opposes that motion, the forum-selection clause in the parties' contract is controlling. Accordingly, the court will grant the motion to transfer.

1

BACKGROUND[1]

Defendant Cognex is a Massachusetts-based manufacturer of systems, software, sensors and industrial barcode readers used in automated manufacturing. Plaintiff Neff Group Distributors is a regional reseller of various industrial products used primarily in manufacturing. Approximately 12 years ago, Cognex entered in a contract with plaintiff Neff, under which Neff would purchase and resell certain Cognex products in Indiana. The parties eventually expanded Neff's authorized territory via three, separate Strategic Partnership Agreements that covered different territories: (1) Indiana and Illinois; (2) Wisconsin; and (3) Ohio, Pennsylvania and West Virginia, collectively.

On January 1, 2021, the parties signed the most-recent iterations of these agreements. (Compl., Exs. A, B, C (dkt. #1-1) § 3.0.) In keeping with the parties' contracting history, each of the three agreements were effective for one-year terms, which automatically expired on December 31, 2021. (*Id.*) On November 2, 2021, Cognex notified Neff that Cognex intended to allow the current agreements to expire without any opportunity for renegotiation or renewal, effectively terminating the parties' business relationship. Neff responded on December 13, 2021, warning that failure to set forth any rationale for unilaterally terminating the agreements through "natural expiration" exposed Cognex to liability under the WFDL and other laws.

On March 2, 2022, Neff filed this action against Cognex in Dane County Circuit Court. In response, Cognex sent Neff a letter demanding that it immediately dismiss that

---

[1] The background facts are drawn from plaintiff's complaint and accepted as true for purposes of resolving defendant's motion to transfer absent compelling evidence to the contrary. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

action in Dane County because it violated the forum-selection clause contained in the parties' agreements. After Neff refused, Cognex timely removed the action to federal court and moved to transfer to Massachusetts.

OPINION

When a party moves to transfer under a contractually valid, forum-selection clause, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 52 (2013); *see also Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 894 (7th Cir. 2018). Accordingly, there are two steps to determine whether to transfer a case under a forum-selection clause. First, the court must determine whether the forum-selection clause is contractually valid and applicable to the instant action. *Atl. Marine*, 571 U.S. at 62, n.5. Second, the court must conduct an analysis under 28 U.S.C. § 1404(a) to determine whether any public interest factors clearly disfavor a transfer in the interests of justice. *Id.* at 63.

Defendant argues that the forum-selection clauses in the three agreements are valid and applicable to the parties' dispute, and no other factors justify disregarding the forum-selection clauses. Plaintiff disagrees, arguing that the forum-selection clauses are invalid under Wisconsin law and inapplicable to the parties' dispute, as well as that § 1404 factors counsel against transfer in this case. The court addresses the parties' arguments on each prong of the two-part test below.

I.  **Validity and Applicability of Forum-Selection Clause**

The forum-selection clauses in the parties' agreements are identical and state that:

> Any claim suit or proceeding brought by either party regarding the interpretation, breach or enforcement of the Agreement or the relationship of the parties shall be exclusively filed in and heard by any court with jurisdiction to hear such disputes in Boston, Massachusetts.

(Compl., Exs. A, B, C, (dkt. #1-1) § 11.5.1.)

Defendant argues that this forum-selection clause is valid and applicable whether evaluated under federal common law, Massachusetts law or Wisconsin law. The court agrees. As an initial matter, forum-selection clauses are presumptively valid under both federal and state common law. *See Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17–18 (1972) (federal common law presumes forum-selection clauses are valid); *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 776 (7th Cir. 2014) (same); *Converting/Biophile Labs., Inc. v. Ludlow Composites Corp.*, 2006 WI App 187, ¶ 22, 296 Wis. 2d 273, 722 N.W.2d 633 ("A contract's forum-selection clause is presumptively valid in Wisconsin."); *Jacobson v. Mailboxes Etc. U.S.A., Inc.*, 646 N.E.2d 741, 743 (Mass. 1995) (adopting federal law and holding that forum-selection clauses should be enforced so long as "it is fair and reasonable to do so").

In the face of this presumption, plaintiff argues that the forum-selection clause at issue here is invalid because it was the result of "fraud, undue influence or overweening bargaining power." (Pl.'s Br. Opp'n (dkt. #14) 10–11.). Specifically, plaintiff asserts that the clauses were adopted as the result of unequal bargaining power between "a small family-

4

owned business" and a large manufacturer. (*Id.* at 11.) However, plaintiff offers no evidence to support its assertion. For example, plaintiff offers nothing to suggest the contracts or any provisions were offered on a fraudulent or take-it-or-leave-it basis, rather than freely negotiated. To the contrary, plaintiff concedes that it is a national distributor with multiple locations, and that it agreed to the basic provisions in the parties' agreements, including the forum-selection clauses, on three, separate occasions. Moreover, plaintiff offers nothing to suggest that its forum-selection clause differs from those reasonably and uniformly accepted by all other Cognex resellers. The fact that a uniform forum-selection clause favors Cognex over it having to litigate in different forums across the country is hardly surprising, much less evidence of fraud, undue influence *or* overweening bargaining power, at least by itself. Accordingly, plaintiff has offered *no* evidence that the forum-selection clause should be disregarded because it was the result of unequal bargaining power.

Alternatively, plaintiff argues that the forum-selection clause is invalid because its enforcement would contravene the Wisconsin Fair Dealership Law ("WFDL"), which permits dealers, like plaintiff, to bring a WFDL claim "in any court of competent jurisdiction." Wis. Stat. § 135.06. Defendant raises a legitimate question as to whether the WFDL applies at all to any of the three agreements, given the relationship originated in Indiana and expanded out to a territory covering six states, of which Wisconsin is but one. *See Baldewein Co. v. Tri-Clover, Inc.* 2000 WI 20, ¶ 23, 233 Wis. 2d 57, 606 N.W.2d 145 (limiting "the application of the WFDL to commercial relationships that exist in some substantial way in [Wisconsin]"); *Generac Corp. v. Caterpillar, Inc.*, 172 F.3d 971, 976 (7th

5

Cir. 1999) (same). At most, this would mean that only the parties' agreements covering the Wisconsin territory would be governed by the WFDL.

Moreover, even if this court were to assume without deciding that the WFDL should be considered in a § 1404 analysis of the parties' current dispute, however, "forum-selection clauses are not automatically voided by the WFDL." *ACD Distrib., LLC v. Wizards of the Coast, LLC*, No. 18-CV-658-JDP, 2018 WL 4941787, at *2 (W.D. Wis. Oct. 12, 2018) (enforcing forum-selection clause over objection that it conflicted with WFDL); *see also Brava Salon Specialists, LLC v. Label.M USA, Inc.*, No. 15-CV-631-BBC, 2016 WL 632649, at *2 (W.D. Wis. Feb. 17, 2016) (same); *Rolfe v. Networking Funding LP*, No. 14-cv-9-BBC, 2014 WL 2006756, at *2 (W.D. Wis. May 16, 2014) (same). Rather, in *Atlantic Marine*, 571 U.S. at 52, the United States Supreme Court directs federal courts to decide whether such state laws would qualify as an "extraordinary circumstance," which would make enforcement of the forum-selection clause unreasonable. *See also ACD Distrib.*, 2018 WL 4941787, at *2. As discussed below in the section regarding "public interest" factors, since plaintiff may pursue any meritorious WFDL claim in the District of Massachusetts, the fact that it pleaded such a claim is *not* sufficient by itself to render the forum-selection clause invalid or unreasonable.

Finally, plaintiff contends that even if the forum-selection clause is valid, it is inapplicable to its claims in this case. As support, plaintiff points to a provision in the parties' agreements that immediately follows the forum-selection provision and states:

> Notwithstanding the foregoing, because the unauthorized use, transfer or dissemination of Products or any Software or other Cognex Technology, or any Confidential Information, may

6

> irreparably harm a party, either party may, without limiting its other rights and remedies, seek equitable relief, including but not limited to injunctive relief in any court of competent jurisdiction.

(Compl., Exs. A, B, C, (dkt. #1-1) § 11.5.1.) Having pleaded equitable claims for promissory estoppel and unjust enrichment, as well as injunctive relief, plaintiff argues it is contractually empowered to bring suit in any court of competent jurisdiction notwithstanding the forum-selection provision.

Unfortunately for plaintiff, this argument has no more validity than its other arguments. Rather, the forum-selection clause in the parties' agreements states that "*[a]ny claim* . . . regarding the interpretation, breach or enforcement of the Agreement or the relationship of the parties shall be *exclusively filed* in . . . Boston, Massachusetts." (*Id.* (emphases added).) Since all of plaintiff's claims unambiguously demand interpretation of the parties' agreements, or at minimum, interpretation of the relationship of the parties, the forum-selection clause applies to this action. In contrast, the follow-on provision referring to claims for equitable relief is narrower and includes claims based on the "unauthorized use, transfer or dissemination of Products or any Software or other Cognex Technology, or any Confidential Information." (*Id.*) Because plaintiff's claims do *not* arise out of "the *unauthorized* use, transfer or dissemination of" Cognex's products, software, technology or confidential information, they fall outside that provision all together. Accordingly, plaintiff has offered no viable basis to conclude the agreements' forum-selection clauses are invalid or inapplicable to the parties' action.

## II. Public Interest Factors

The remaining question is whether under § 1404(a) other public-interest factors show that it would be in the interests of justice to disregard the forum-selection clause and decline to transfer the case. *Atl. Marine*, 571 U.S. at 52. Generally, § 1404(a) permits a "flexible and individualized analysis," imploring courts to "look beyond a narrow or rigid set of considerations" and consider both public-interest and private-interest factors. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). However, when there is a valid forum-selection clause, courts are precluded from considering all the typical factors for a § 1404(a) analysis. *Atl. Marine*, 571 U.S. at 63. In particular, courts are not to give any weight to the plaintiff's choice of forum or private interests, such as the general convenience of the parties. *Id*. at 64; *see also ACD Distrib., LLC*, 2018 WL 4941787, at *2. Instead, courts are only to consider arguments relevant to public-interest factors. *Atl. Marine*, 517 U.S. at 64. Regardless, an unfair or unreasonable forum-selection clause will not be enforced under Massachusetts, Wisconsin *or* federal common law, meaning plaintiff has identified no persuasive basis for concluding that the forum-selection clause in the parties' Agreements is unfair or unreasonable.

While public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law," *id*. at 63 n.6, a valid forum-selection clause should be "given controlling weight in all but the most exceptional circumstances"; as such, "public-interest factors will rarely defeat

8

a transfer motion." *Id*. at 51, 60 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

Here, plaintiff identifies only *two* public-interest factors to consider, and neither of which are exceptional under the circumstances. First, plaintiff points out that in 2021, the time to trial was approximately a year longer in the District of Massachusetts than in this court. (Pl.'s Br. Opp'n (dkt. #14) 12.) Thus, plaintiff argues that denying defendant's transfer motion would serve the "interests of justice" by enabling the parties to reach a faster resolution. (*Id.*) Though this factor certainly weighs in plaintiff's favor, the presence of the forum-selection clause is a more than effective counter-weight. *See In re Ryze Claims Sols., LLC,* 968 F.3d 701, 711 (7th Cir. 2020) (holding that the existence of forum-selection clause is more significant than whether one court was speedier than the other).

Second, plaintiff argues that this court's familiarity with Wisconsin law (and the WFDL in particular) is a public-interest factor that weighs in favor of denying Cognex's transfer motion. For reasons already discussed, the court is dubious that the WFDL applies to any of the agreements, save perhaps one. Regardless, "federal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine*, 571 U.S. at 67. Thus, although this court's familiarity with and interest in resolving claims under Wisconsin law is a valid public-interest factor, the strength of this factor is curtailed by the fact that "there are no exceptionally arcane features of the [WFDL or any other arguably applicable Wisconsin law] that are likely to defy comprehension by a federal judge" sitting outside Wisconsin. *Brava Salon Specialists*, No. 15-CV-631-BBC, 2016 WL 632649, at *2 (quoting *Atl. Marine*, 571 U.S. at 68). Finally, only one of plaintiff's four counts involves the WFDL,

9

and only one of the three agreements (the one with a Wisconsin territory) is even arguably governed by it. This is hardly a basis to find exceptional circumstances overcoming the parties' valid forum-selection clause for transfer of the case as a whole.

In sum, plaintiff has not met its burden of establishing that enforcement of the forum-selection clause would be unreasonable. To some degree, the public-interest factors raised by plaintiff may arguably support a Wisconsin forum in the "interests of justice," but they simply do not establish the "most exceptional circumstances" envisioned by the *Atlantic Marine* decision, either separately or in combination. Rather, the "interests of justice" are better served by holding the parties to their bargain and enforcing a valid, applicable forum-selection clause. Accordingly, this case will be transferred to the United States District Court for the District of Massachusetts.

ORDER

IT IS ORDERED that:

1) Defendant Cognex Corporation's motion to transfer (Dkt. #7) is GRANTED.

2) The clerk of court is directed to TRANSFER this case to the District of Massachusetts.

Entered this 5th day of August, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge